## M. S. Fleishman & Company v. W. P. Ballou.

### Gen. No. 13,065.

1. AGENCY—*how cannot be established.* Agency cannot be proven by acts of a supposed agent neither expressly nor impliedly authorized by the alleged principal.

Action of assumpsit. Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1906. Affirmed. Opinion filed March 5, 1907.

MANCHA BRUGGEMEYER, for appellant.

STRICKLER & STOLL, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This appeal is from a judgment of the Circuit Court on a directed verdict. The appellant was plaintiff below and sued the appellee, who was defendant below, alleging that appellant (a corporation) had sold and the defendant had bought certain jewelry to the amount of $794.15, of which $544.15 remained unpaid. Various pieces of evidence were offered and tentatively allowed by the court, which were designed to establish the sale and delivery of the goods by the plaintiff under such circumstances and conditions as would render the defendant liable for them. Much of it was, however, afterward excluded or stricken out by the trial judge when all the proposed evidence for the plaintiff had been presented. The court held that there was no sufficient connection established between W. P. Ballou, the defendant, and the orders for the goods given by one W. L. Ballou, a son of the defendant, to warrant sending the case to the jury, and on motion of the defendant at the close of the plaintiff's case, and after the ruling on evidence alluded to, gave to the jury an instruction to find for the defendant.

We think the trial judge was right in his rulings and in his instruction.

The only question at issue between the plaintiff and the defendant was whether the evidence offered sufficiently tended to show an agency on the part of W. L. Ballou, the son, for W. P. Ballou, the father, to warrant submitting the question of the latter's liability to a jury. We do not think it did. What it did establish as a whole seems to us very plain. It was that the goods in question were purchased by and sold and delivered to one W. L. Ballou, of DeKalb; that W. P. Ballou had been in the retail jewelry business in DeKalb several years ago, but never had done any business with the plaintiff; that as long ago as 1895 he had made over the business to his son, W. L. Ballou, giving him the stock and letting him take the store, which the father owned, ''starting him in business,'' as the phrase goes; that the father then left DeKalb and moved to Chicago; that the son went on in the business, using for advertisements and as the business name of the establishment the old name of W. P. Ballou, even signing notes with that name in the presence of people who were dealing with him and taking his orders and delivering him goods. But there is no evidence that the father consented to this or approved or confirmed it, and the reason for it may well have been not a fraudulent intent on the part of W. L. Ballou, but a desire to preserve an established good will and trade name. The plaintiff called the defendant, W. P. Ballou, as one of his witnesses, and he swore that he never did business with the plaintiff, that he did not know of its existence until sued, that he had not been in the jewelry business since September, 1895; that when he went out of it he ''told everybody'' that his son would thereafter run it and he was out of it; that he did not know that his son advertised in his name or used his name in business; that the arrangement was that he should not, and that he had caused as early as 1898 a sign of W. P. Ballou in the store to be changed to W. L. Ballou.

Neither the evidence that the building in which the store was situated belonged to the father, and that his son "never paid much rent," nor that of the very infrequent visits to his son, made through a number of years in which the defendant, lived (as he now lives) in Chicago, and his son in DeKalb, seem to us to help the plaintiff's case nor to contradict the defendant's story.

The evidence offered would undoubtedly be competent and sufficient to show that W. L. Ballou was liable, if he were endeavoring to avoid liability on the ground that the business was conducted in the name of W. P. Ballou, but turned about it is insufficient and incompetent. Agency cannot be proven by acts of the supposed agent neither expressly nor impliedly authorized by the alleged principal. Here no attempt was made to show express authority, and we think that the evidence offered to show implied authority wholly failed to make a case proper to go to the jury.

The cases cited by the appellant differ too materially upon this point from the one at bar to be applicable.

The judgment of the Circuit Court is affirmed.

*Affirmed.*